**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Nina Y. Wang**

Case No. 26-cv-01411-NYW

DEEPAK DAHIYA,

      Petitioner,

v.

TODD BLANCHE, in his official capacity,
MARKWAYNE MULLIN, in his official capacity,
TODD LYONS, in his official capacity, and
JUAN BALTAZAR, in his official capacity,

      Respondents.

_____

**MEMORANDUM OPINION AND ORDER**
_____

This matter is before the Court on the Petition for Writ of Habeas Corpus and Request for Order to Show Cause ("Petition"). [Doc. 1]. Respondents filed a consolidated response in opposition, [Doc. 7], and Petitioner has replied, [Doc. 8]. For the reasons set forth below, the Petition is **GRANTED in part**.

**BACKGROUND**

Petitioner Deepak Dahiya ("Petitioner" or "Mr. Dahiya") is a noncitizen who "entered the United States on August 26, 2023." [Doc. 1 at ¶¶ 19, 24]. "That same day, Mr. Dahiya was issued a Notice to Appear, charging him as an alien present in the United States who has not been admitted or paroled." [*Id.* at ¶ 25]. Mr. Dahiya was then "issued an Order of Release on Recognizance, indicating that 'in accordance with section 236 of the Immigration and Nationality Act . . . you are being released on your own recognizance.'" [*Id.* at ¶ 26; Doc. 1-4 at 2]. Mr. Dahiya "faithfully complied" with that

Order, and as relief from removal applied for asylum, withholding of removal, and protections under the Convention Against Torture. [Doc. 1 at ¶¶ 26–27]. At some point "years later," despite "consistent compliance with reporting requirements" and "absence of any new criminal violations," Mr. Dahiya was detained by United States Immigration and Customs Enforcement ("ICE"). [*Id.* at ¶¶ 6, 28].

Mr. Dahiya is currently being detained at the Denver Contract Detention Facility, which is in a different state from where he resided before being detained. [*Id.* at ¶¶ 1, 10, 75]. The Government purports to detain Mr. Dahiya under 8 U.S.C. § 1225(b). [Doc. 7 at 2 & n.2]. Mr. Dahiya disputes the Government's interpretation of § 1225(b) and contends that he is actually subject to detention under 8 U.S.C. § 1226(a), which would entitle him to a bond hearing. [Doc. 1 at ¶¶ 6–8, 58]. But because § 1225(b)(2)(A) provides for mandatory detention, he has no opportunity for release on bond while the Government considers him detained under this provision. *See* [*id.* at ¶ 3].

In the Petition, Mr. Dahiya brings five claims challenging the lawfulness of Respondents' decision to detain him without a bond hearing. He asserts that Respondents' erroneous application of § 1225(b) and § 1226(a) violates (1) the Immigration and Nationality Act ("Count One"); (2) Mr. Dahiya's procedural due process rights under the Fifth Amendment ("Count Two"); (3) Mr. Dahiya's substantive due process rights under the Fifth Amendment ("Count Three"); (4) bond regulations ("Count Four"); and (5) the Administrative Procedure Act ("Count Five"). [*Id.* at ¶¶ 67–102]. Mr. Dahiya seeks, among other things, a writ of habeas corpus ordering that he either be immediately released from custody or granted a bond hearing pursuant to § 1226(a). [*Id.* at 26]. Mr. Dahiya also asks for attorney's fees and costs under the Equal Access to

Justice Act ("EAJA").  [*Id.*].

This matter is fully briefed and ripe for disposition.  No Party has requested an evidentiary hearing or oral argument, and the Court finds that no hearing is necessary. *Garcia Cortes v. Noem*, No. 25-cv-02677-CNS, 2025 WL 2652880, at *1 (D. Colo. Sept. 16, 2025) (declining to hold a hearing where the petitioner's habeas challenge was "fundamentally legal in nature").

## LEGAL STANDARD

Section 2241 of Title 28 authorizes a court to issue a writ of habeas corpus when a person is "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3).  "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody."  *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973).  "Challenges to immigration detention are properly brought directly through habeas."  *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas v. Davis*, 533 U.S. 678, 687–88 (2001)).

## ANALYSIS

Petitioner's claims primarily turn on whether Respondents may detain him pursuant to § 1225(b)(2), such that he is not entitled to a bond hearing under § 1226(a). The Court summarizes the statutory framework before turning to the Parties' arguments.

### I.    Statutory Framework

Sections 1225 and 1226 govern detention of noncitizens prior to a final order of removal.  *See Jennings v. Rodriguez*, 583 U.S. 281, 287 (2018).  Section 1226 "sets forth 'the default rule' for detaining noncitizens 'already present in the United States.'"  *Quispe-*

*Ardiles v. Noem*, No. 1:25-cv-01382-MSN-WEF, 2025 WL 2783800, at *5 (E.D. Va. Sept. 30, 2025) (quoting *Jennings*, 583 U.S. at 303).  This section permits, but does not require, the Attorney General to detain noncitizens pending removal proceedings, subject to certain exceptions not applicable here.  *Jennings*, 583 U.S. at 303; 8 U.S.C. § 1226(a)(1)–(2) (the Attorney General "*may* continue to detain" or "*may* release" the noncitizen (emphasis added)).  Section 1226(a) thus establishes a discretionary framework for the detention of noncitizens pending removal proceedings.

Section 1225(b) "supplement[s] § 1226's detention scheme." *Rodriguez v. Bostock*, 779 F. Supp. 3d 1239, 1246 (W.D. Wash. 2025) (quoting *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1196 (9th Cir. 2022)).  Section 1225(b) "applies primarily to [noncitizens] seeking entry into the United States." *Jennings*, 583 U.S. at 297.  This section provides, in relevant part, that "in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien *shall* be detained" pending removal proceedings.  8 U.S.C. § 1225(b)(2)(A) (emphasis added).[1]

---

[1] Under 8 U.S.C. § 1225(b)(1), "certain applicants for admission who are deemed inadmissible are subject to expedited removal, unless they express a fear of persecution or an intent to apply for asylum." *Guerrero Orellana v. Moniz*, 802 F. Supp. 3d 297, 304 (D. Mass. Oct. 3, 2025), *appeal docketed*, No. 25-2152 (1st Cir. Dec. 3, 2025); *see also* 8 U.S.C. § 1225(b)(1)(A)(i) (directing an immigration officer to "order [a person deemed inadmissible] removed from the United States without further hearing or review unless [the person] indicates either an intention to apply for asylum . . . or a fear of persecution"). Respondents state in a footnote that "Petitioner could have been detained under *either* Section 1225(b)(1) . . . *or* Section 1225(b)(2)" but state that they "focus primarily on [§ 1225(b)(2)] in this response" because that is what Petitioner alleges.  *See* [Doc. 7 at 2 n.2].  Because Respondents do not provide any further argument on the applicability of § 1225(b)(1), the Court too does not substantively address detention under this subsection.  *See United States v. Walker*, 918 F.3d 1134, 1153 (10th Cir. 2019) ("[W]e have routinely declined to consider arguments that are only raised perfunctorily in footnotes."); *United States v. Wooten*, 377 F.3d 1134, 1145 (10th Cir. 2004) ("The court

Under § 1225(a)(1), an "applicant for admission" is

> An alien present in the United States who has not been admitted or who arrives in the United States (whether or not at a designated port of arrival and including an alien who is brought to the United States after having been interdicted in international or United States waters).

Absent an exception for urgent humanitarian reasons not implicated in this case, "detention under § 1225(b)(2) is considered mandatory," and "[i]ndividuals detained under § 1225 are not entitled to a bond hearing." *Lopez Benitez v. Francis*, 795 F. Supp. 3d 475, 484 (S.D.N.Y. 2025) (citing *Jennings*, 583 U.S. at 297).

## II. Application to Petitioner's Statutory Claim

The Court's analysis begins with Count One, the statutory claim. Respondents argue that § 1225(b)(2)(A) applies and requires Petitioner's detention, so he is not entitled to a bond hearing. *See* [Doc. 7]. This Court, following the clear weight of persuasive authority, has already rejected Respondents' position. *See Loa Caballero v. Baltazar*, No. 25-cv-03120-NYW, 2025 WL 2977650, at *5 (D. Colo. Oct. 22, 2025) ("[F]ederal courts have overwhelmingly rejected Respondents' 'broad interpretation of section 1225(b)(2).'" (collecting cases)).[2] In *Loa Caballero*, this Court reviewed a habeas petition

---

will not consider such issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation." (quotation omitted)).

[2] In addition to this Court's ruling in *Loa Caballero*, a majority of other judges in this District have concluded that § 1225(b)(2)(A) does not apply to noncitizens similarly situated to Mr. Dahiya, who have been present in the country for some time and are not actively "seeking admission." *See, e.g.*, *Mendoza Gutierrez v. Baltasar*, No. 25-cv-02720-RMR, 2025 WL 2962908 (D. Colo. Oct. 17, 2024) (Rodriguez, J.), *appeal docketed*, No. 25-1460 (10th Cir. Dec. 16, 2025); *Moya Pineda v. Baltasar*, No. 25-cv-02955-GPG, 2025 WL 3516291 (D. Colo. Oct. 20, 2025) (Gallagher, J.); *Nava Hernandez v. Baltazar*, No. 25-cv-03094-CNS, 2025 WL 2996643 (D. Colo. Oct. 24, 2025) (Sweeney, J.); *Florez Marin v. Baltazar*, No. 25-cv-03697-PAB, 2025 WL 3677019 (D. Colo. Dec. 18, 2025) (Brimmer, J.); *Aleman Hernandez v. Baltazar*, No. 25-cv-03688-SKC-SBP, 2025 WL 3718159 (D. Colo. Dec. 23, 2025) (Crews, J.); *Garcia Abanil v. Baltazar*, 817 F. Supp. 3d

filed by a noncitizen who had resided in the United States for nearly 20 years before he was detained by ICE. *See id.* at *1. Like Mr. Dahiya, the Government did not provide the petitioner in *Loa Caballero* with a bond hearing because it asserted that § 1225 mandated his detention. *See id*. The Court disagreed, emphasizing that § 1225(b)(2)(A) only provides for mandatory detention of noncitizens "seeking admission" to the country. *Id.* at *6. "The plain meaning of the phrase 'seeking admission' requires that the applicant must be presently and actively seeking lawful entry into the United States." *Id.* Thus, noncitizens who have "already been residing in the United States for several years" are not "seeking admission" under § 1225(b)(2)(A). *Id.* (quoting *Lopez Benitez*, 795 F. Supp. 3d at 489). Interpreting § 1225(b)(2)(A) to mandate detention for all "applicants for admission" would render the "seeking admission" language superfluous. *Id.* at *7. The Court concluded that both the plain text of § 1225 and applicable canons of statutory interpretation demonstrated that the petitioner in *Loa Caballero* was detained under § 1226, not § 1225. *See id.* at *5–8. The Court has since reaffirmed its ruling in *Loa Caballero* in several other similar habeas cases. *See, e.g.*, *Briales-Zuniga v. Baltazar*, No. 25-cv-03439-NYW, 2026 WL 35227 (D. Colo. Jan. 6, 2026); *Leyva Ramirez v. Baltasar*, No. 26-cv-00199-NYW, 2026 WL 318989 (D. Colo. Feb. 6, 2026).

Respondents acknowledge the issue presented in this case "is not materially different" than *Loa Cabellero*, *see* [Doc. 7 at 3–4],[3] and provide no persuasive reason for

---

1148 (D. Colo. 2026) (Martinez, J.). *But see Singh v. Baltazar*, No. 26-cv-01076-DDD-TPO, 2026 WL 1282828 (D. Colo. May 11, 2026) (Domenico, C.J.).

[3] Respondents attached to their response and "incorporate[d] by reference . . . the legal arguments Respondents presented on this issue in *Mendoza Gutierrez v. Baltazar*, Civil Action No. 25-cv-02720-RMR, ECF No. 26 at 10–19," "to expedite disposition of this case." [Doc. 7 at 4]. The Court is not persuaded by this briefing for the same reasons as explained in this Order.

the Court to depart from the conclusion it reached in that case.[4]  Nor has the Tenth Circuit yet addressed the issue, as Respondents recognize.[5]  *See* [*id.* at 3–4].  And although Respondents preserve their arguments to the contrary, they concede that the Court's ruling in *Loa Caballero* will "lead the Court to reach the same result here."  *See* [*id.* at 4].

Accordingly, as in *Loa Caballero* and *Briales-Zuniga*, the Court concludes that § 1225(b)(2)(A) does not authorize Respondents' detention of Mr. Dahiya.  The "default

---

[4] On the contrary, the facts of this case only bolster the Court's conclusion.  Here, the Government has already treated Mr. Dahiya as subject to discretionary detention under § 1226—when it released him on recognizance shortly after he entered the country.  *See* [Doc. 1-4 at 2 (Mr. Dahiya's paperwork from August 26, 2023 stating that that he is "being released on [his] own recognizance" "[i]n accordance with section 236 of the Immigration and Nationality Act" [which is codified as 8 U.S.C. § 1226])]; *Lopez Benitez*, 795 F. Supp. 3d at 485 ("Such a release on recognizance is . . . a form of 'conditional parole' from detention, authorized under § 1226.").  "These circumstances indicate that [Mr. Dahiya] was—and continues to be—subject to discretionary detention under § 1226." *Bello Chacon v. Hermosillo*, No. 2:25-cv-02299-TMC, 2025 WL 3562666, at *2 (W.D. Wash. Dec. 12, 2025); *see Uzcategui v. Brooksby*, No. 4:26-cv-00020-DN-PK, 2026 WL 622751, at *9 (D. Utah Mar. 5, 2026) ("As numerous courts have observed, the initial decision to pursue petitioner's detention under § 1226(a) precludes the government from later switching tracks to subject her to mandatory detention under § 1225(b)(2).  The rule is simple:  Sections 1226(a) and 1225(b) cannot be applied simultaneously." (cleaned up)); *Barry v. Lyons*, No. 26-cv-00504-KWR-KRS, 2026 WL 926218, at *2 (D.N.M. Apr. 6, 2026) ("In addition to being initially released [on his own recognizance] pursuant to § 1226(a), Petitioner, who has been present in the United States for over two years, cannot be deemed 'seeking admission' under § 1225(b)(2)(A).").

[5] The courts of appeals to consider Respondents' interpretation of § 1225(b)(2)(A) have split.  *Compare Cunha v. Freden*, --- F.4th ----, 2026 WL 1146044 (2d Cir. Apr. 28, 2026) (rejecting Respondents' interpretation), *Hernandez Alvarez v. Warden, Fed. Det. Ctr. Mia.*, --- F.4th ----, 2026 WL 1243395 (11th Cir. May 6, 2026) (same), *and Castañon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048, 1062 (7th Cir. 2025) (concluding at preliminary stage that DHS was unlikely to succeed on the merits of its argument), *with Avila v. Bondi*, 170 F.4th 1128 (8th Cir. 2026) (affirming Respondents' interpretation), *and Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026) (same).  Given that the arguments on both sides are now well-worn, the Court need not go further than to note that the Fifth and Eighth Circuits' decisions, although thorough, do not bind or persuade this Court to reconsider its analysis of this issue.  *See Garcia Bautista*, 2026 WL 532427, at *3 n.3.

rule" of discretionary detention under § 1226(a) therefore applies. *See, e.g.*, *Quispe-Ardiles*, 2025 WL 2783800, at *5, *7. And because Respondents have failed to provide Mr. Dahiya with a bond hearing or any other individualized custody determination, his continued detention violates § 1226(a).

### III.    Due Process Claims

Mr. Dahiya's constitutional claims (Counts Two and Three) spring from his statutory arguments. He argues that his erroneous detention under § 1225(b)(2)(A) violates his procedural and substantive due process rights. [Doc. 1 at ¶¶ 70–86]. Respondents do not address Mr. Dahiya's allegations of due process violations and do not dispute that noncitizens detained under § 1226(a) are entitled to an individualized custody determination.

Having determined that § 1226(a) governs Mr. Dahiya's detention, the Court concludes that his detention without a bond hearing violates due process. The Court concurs with the numerous other district courts that have held that denying a bond hearing to a noncitizen detained under § 1226(a) violates the noncitizen's due process rights. *See, e.g., Garcia Cortes*, 2025 WL 2652880, at *4; *Garcia Abanil v. Baltazar*, 817 F. Supp. 3d 1148, 1157–1159 (D. Colo. 2026); *Lopez-Campos v. Raycraft*, 797 F. Supp. 3d 771, 784–85 (E.D. Mich. 2025). And because Mr. Dahiya is detained under § 1226(a), at a minimum "the process due to him is that which is afforded under [§ 1226(a)]." *Lopez-Campos*, 797 F. Supp. 3d at 785. As explained above, that process is an individualized bond determination. *See, e.g.*, *Velasquez Salazar v. Dedos*, 806 F. Supp. 3d 1231, 1241 (D.N.M. 2025) (describing the process owed under § 1226 as "an individualized bond

hearing before an [immigration judge]"); *Hyppolite v. Noem*, 808 F. Supp. 3d 474, 485 (E.D.N.Y. 2025) ("[Section] 1226(a) requires an individualized bond determination . . . .").

## IV.    Appropriate Remedy

Mr. Dahiya asks the Court to order Respondents to either release him immediately or provide "a bond hearing pursuant to 8 U.S.C. § 1226(a)." [Doc. 1 at 26]. But § 1226(a) "does not require release—it provides DHS the discretion to grant an alien release on bond." *Nava Hernandez*, 2025 WL 2996643, at *8. This Court has previously held that a bond hearing before an immigration judge is sufficient to vindicate the procedural protections afforded by § 1226(a). *See, e.g.*, *Loa Caballero*, 2025 WL 2977650, at *9; *Briales-Zuniga*, 2026 WL 35227, at *4. As in those cases, the Court finds that an immigration judge is better suited than this Court to conduct the hearing and consider whether Mr. Dahiya poses a flight risk or danger to the community.

Accordingly, Respondents are **ORDERED** to provide Mr. Dahiya with a bond hearing before an immigration judge no later than **May 22, 2026**. At this hearing, the Government shall bear the burden of justifying Mr. Dahiya's continued detention. *See Garcia Abanil*, 817 F. Supp. 3d at 1159 ("[T]he weight of authority in this District is clear: it is the Government's burden to justify a noncitizen's continued detention at a bond hearing." (cleaned up)). If Respondents do not provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) as required herein, he must be immediately released from detention. On or before **May 29, 2026**, the Parties shall file a joint status report concerning (1) the results of any bond hearing that was conducted or, if no hearing was held, advise the Court of the date Petitioner was released from custody; and (2) whether any additional proceedings in this matter are required.

**V.    Attorney's Costs and Fees under the EAJA**

Finally, Mr. Dahiya requests that the Court award attorney's fees and costs under the EAJA.  The Tenth Circuit recently held that the EAJA "unambiguously authorize[s] fees in habeas actions challenging immigration detention." *Daley v. Ceja*, 158 F.4th 1152, 1166 (10th Cir. 2025).  Should Mr. Dahiya believe he has a good faith basis to seek attorney's fees pursuant to the EAJA, he may file a petition in accordance with the deadlines and requirements set by the EAJA, 28 U.S.C. § 2412(d)(1)(A)–(B), and compliant with this District's Local Rules for Civil Practice.

## CONCLUSION

For the reasons set forth above, **IT IS ORDERED** that:

(1)    The Petition for Writ of Habeas Corpus and Request for Order to Show Cause [Doc. 1] is **GRANTED in part** and **DENIED in part** as set forth herein;

(2)    Respondents shall provide Petitioner a bond hearing no later than **May 22, 2026**, at which the Government will bear the burden of justifying Petitioner's continued detention.  **If Respondents do not provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) as required herein, Petitioner must be immediately released from detention**; and

(3)    On or before **May 29, 2026**, the Parties shall file a joint status report concerning (1) the results of any bond hearing that was conducted or, if no hearing was held, advise the Court of the date Petitioner was released from custody; and (2) whether any additional proceedings in this matter are required.

DATED:  May 15, 2026                    BY THE COURT:

Nina Y. Wang
United States District Judge